**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001133
21-APR-2015
09:37 AM**

NO. CAAP-14-0001133

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JARED DANIEL RAYMOND, Plaintiff-Appellee, v.
CHERIE CHALYCE RAYMOND, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-D NO. 07-1-0137)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Cherie Chalyce Raymond's (Appellant Cherie Raymond) appeal in appellate court case number CAAP-14-0001133 from the Honorable Edmund D. Acoba's September 5, 2014 post-judgment "Findings of Fact, Conclusions of Law Re: Hearing on Defendant's 'Motion to Dissolve Order Granting Ex Parte Motion for Temporary Physical Custody of Minor Child' Filed on July 22, 2014" (the September 5, 2014 post-judgment order), because it appears that the September 5, 2014 post-judgment order is not an appealable final post-judgment order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

"An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit court cases, aggrieved parties may appeal from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2014). In light of the family court's prior entry of the August 24, 2007 divorce decree in this case, the instant case involves a post-judgment proceeding. "A post-judgment order is an appealable final order under HRS § 641-1(a) if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). In other words, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. (citation omitted).

In the instant case, the family court utilized the September 5, 2014 post-judgment order to adjudicate some, but not all, of the issues in the post-judgment proceeding for determining whether the family court should change the terms of physical custody in the August 24, 2007 divorce decree that awarded Appellant Cherie Raymond with physical custody of a minor

-2-

child for which Appellant Cherie Raymond and Plaintiff-Appellee Jared Daniel Raymond (Appellee Jared Raymond) share joint legal custody. Appellee Jared Raymond began this post-judgment proceeding by filing an July 9, 2014 ex parte post-judgment motion for temporary physical custody of the minor child. The resulting post-judgment proceeding for this and several other closely related post-judgment motions has evolved such that the overall issue of this post-judgment proceeding is the resolution of Appellee Jared Raymond's August 25, 2014 post-judgment motion to modify physical custody. The record does not contain a post-judgment order that adjudicates Appellee Jared Raymond's August 25, 2014 post-judgment motion to modify physical custody. In fact, the family court minutes from March 15, 2015, indicate that the family court has reserved its final resolution of the issue of physical custody until the family court holds a future review hearing on June 2, 2015.

When the family court enters a post-judgment order that finally determines the remaining issues regarding physical custody, then that post-judgment order will be an appealable final post-judgment order, and a timely appeal from that post-judgment order will entitle an aggrieved party to appellate review of the entire series of post-judgment orders in this proceeding under the principle that "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Insurance Company, 79 Hawai'i 403, 409, 903 P.2d 708, 714

(App. 1995) (citations omitted); see also Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543, 560 (2012); Weinberg v. Mauch, 78 Hawai'i 40, 46, 890 P.2d 277, 283, (1995). Absent an appealable post-judgment order at the present time, Appellant Cherie Raymond's appeal is premature, and we lack appellate jurisdiction.

Accordingly, IT IS HEREBY ORDERED that CAAP-14-0001133 is dismissed for lack of appellate jurisdiction, but without prejudice to an aggrieved party asserting a timely appeal from a future post-judgment order that finally determines this post-judgment proceeding on the issue of physical custody.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-14-0001133 are dismissed as moot.

DATED: Honolulu, Hawai'i, April 21, 2015.

Presiding Judge

Associate Judge

Associate Judge